CHARLES JEWETT and another *vs.* CHARLES H. BROWN.

Kennebec. Opinion December 3, 1880.

*Contract. Orders. Certificate. Agreement.*

Where J. agreed with B. to take the orders of H. in payment of goods sold B., a certificate from H. of the amount due to B. from H. is not a compliance with the agreement, and constitutes no defence to an action brought by J. against B. to recover pay for the goods thus sold.

ON MOTION to set aside the verdict from the superior court, Kennebec county.

The opinion states the case.

*E. Hammons,* for the plaintiffs.

*S. S. Brown,* for the defendant.

APPLETON, C. J. This is an action of assumpsit on an account annexed for $139.90. The jury found a verdict for $4.70.

The defence is that the plaintiffs' agent agreed to take pay in the orders of one Hanson, acting as the agent of the Maine Slate Manufacturing Company.

The defendant procured an order on the plaintiffs for $112, the allowance of which is not contested.

The defendant claims that the amount of $21.20 has been paid. It appears that on December 22, the defendant settled with the Maine Slate Manufacturing Company, and took the following memorandum :

"Clinton, Me., Dec. 22, 1876.

| | |
|---|---|
| Maine Slate Manufacturing Company, | Dr. |
| H. L. Hanson, Agent. | |
| Dr. as per day book, 132 page, | $140.56 |
| Cr. | 177.51 |
| Balance due at this date, | $36.95 |
| Cart to William Rowns, | 13.00 |
| | $23.95 |
| | 2.75 |
| | $21.20 |

H. L. HANSON, *Agent.*

This paper, with the exception of the last two figures, the defendant handed to plaintiffs, who, as he says (but they deny it), wrote the figures "$2.75" and made the deduction—there being that amount due from the defendant to the Maine Slate Company, which had been omitted.

The plaintiffs declined taking this paper because they did not like its form, and the defendant took it to have it changed; but upon taking it to Hanson for that purpose, it was not done, Hanson being busy. The next day the Slate Company failed. The memorandum has remained in the defendant's hands to the time of trial. It was never assigned to the plaintiffs. It has never been under their control, so that they could have have brought a suit on it, had they so chosen. It is not an order drawn on them. It can in no way be deemed a payment if the defendant's account of the transaction be true. There is, then, on the defendant's showing, the amount of $21.21, due in addition to the verdict.

*Motion sustained. New trial granted.*

WALTON, BARROWS, DANFORTH, PETERS and SYMONDS, JJ., concurred.